NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1106n.06

No. 12-5054

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 25, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| VICKIE SUE PASSMORE, | ) | THE WESTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |

Before:  MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM.  Vickie Sue Passmore, a federal prisoner, appeals the district court's order denying her motion for a reduction of sentence filed under 18 U.S.C. § 3582(c)(2).

On January 19, 2011, pursuant to a plea agreement, Passmore pleaded guilty to conspiracy to possess with the intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A).  A presentence report calculated Passmore's total offense level as twenty-three and her criminal history category as IV, resulting in an advisory sentencing guidelines range of seventy to eighty-seven months of imprisonment.  Because Passmore's offense carried a mandatory minimum sentence of 120 months of imprisonment, the applicable sentencing guidelines range became 120 months.  The government filed motions pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1 requesting that the court sentence Passmore below the mandatory

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

minimum level based on her cooperation. On July 6, 2011, the district court imposed a term of eighteen months of imprisonment, to be followed by five years of supervised release.

Prior to Passmore's guilty plea, Congress enacted the Fair Sentencing Act of 2010, Pub. L. No. 11–220, 124 Stat. 2372, which increased the amount of cocaine base necessary to trigger a mandatory minimum ten year sentence. On November 1, 2010, the Sentencing Commission amended the guidelines and realigned the base offense levels to conform to this revised statutory penalty. *See* USSG App. C, Amend. 750. Those amendments were made retroactive on November 1, 2011. *See id.*, Amend. 759.

Upon its own motion, the district court requested that the Probation Office analyze the effect of the Act's amendments to determine whether Passmore would be eligible for a reduction of sentence, pursuant to section 3582(c)(2). The district court determined that because Passmore was sentenced after the August 3, 2010 enactment of the Act, the lower mandatory minimum term should be applied and that Passmore's mandatory minimum term of imprisonment should be reduced from 120 months to sixty months. However, the court concluded that the advisory sentencing guidelines range would remain unchanged. After considering the sentencing factors, the district court determined that Passmore's sentence should be reduced from eighteen to ten months of imprisonment.

The government objected to the reduction and filed a motion to dismiss Passmore's section 3582(c)(2) motion for lack of jurisdiction. The government argued that a sentence may be reduced under section 3582(c)(2) only when a defendant's sentencing range has subsequently been lowered by the Sentencing Commission, not when Congress establishes a new mandatory minimum sentence. Passmore filed a response, arguing that the change in the mandatory minimum sentence was a change in the applicable guidelines range and that she was eligible for a reduction. After consideration, the district court concluded that it had no authority to reduce Passmore's sentence under section

3582(c)(2) based on the changed mandatory minimum sentence. The district court therefore denied the motion to reduce sentence.

We review a district court's decision to grant or deny a motion to modify a sentence under section 3582(c)(2) for an abuse of discretion. *United States v. Payton*, 617 F.3d 911, 912 (6th Cir. 2010). When a district court "'concludes that it lacks the authority to reduce a defendant's sentence under the statute, the district court's determination that the defendant is ineligible . . . is a question of law that is reviewed de novo.'" *Id*. at 913 (quoting *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010)).

A sentence may be reduced under section 3582(c)(2) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as a result of a retroactive amendment. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). When modifying a sentence, the district court should substitute only the retroactive amendment, and then leave all original sentencing determinations in place. *See Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (citing § 1B1.10(b)(1)). In this case, no retroactive amendment affected the calculation of Passmore's sentence and there was no basis upon which the district court could reduce her sentence under section 3582(c)(2). Therefore, the district court did not err in denying Passmore's section 3582(c)(2) motion for lack of jurisdiction.

We note that the Supreme Court recently held, in the context of a direct appeal, that the lower mandatory minimums of the Act apply to offenders who committed their offenses prior to the August 3, 2010 effective date of the Act, but who were sentenced after the effective date. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). Passmore's offense occurred between July 2007 and May 22, 2009; she was sentenced on July 6, 2011. Accordingly, she is subject to the lower mandatory minimums. We may not grant Passmore relief under section 3582(c)(2), however, because her sentencing range has not "subsequently been lowered" since the time she was sentenced. *See* 18

U.S.C. § 3582(c)(2). Nevertheless, our decision is not intended to limit Passmore's ability to challenge her sentence under 28 U.S.C. § 2255.

We affirm the district court's order.