PER CURIAM.
Defendant-Appellant Zachary Mayes appeals the district court’s denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). Discerning no error, we affirm.
I.
Mayes pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. Seeking to avoid a life sentence under 21 U.S.C. § 851 because of his two prior felony drug convictions, he entered into a binding Rule 11(c)(1)(C) plea agreement that stated “a sentence of 10 years[’] imprisonment ... is the appropriate disposition of this case.” In the event that Mayes cooperated with *412 law enforcement, the government would “consider making a [downward departure] motion pursuant to § 5K1.1 of the Sentencing Guidelines.” Soon afterward, Mayes sought to change his plea in light of the more lenient statutory mínimums in the Fair Sentencing Act (FSA), but the district court denied the request on the basis that it had no authority to apply the FSA retroactively.
At sentencing, the government moved for the § 5K1.1 downward departure, asking the court to sentence Mayes to 96 months’ imprisonment. The district court granted the motion, accepted the plea agreement, and sentenced Mayes accordingly. After sentencing, the Supreme Court held that the FSA’s more lenient statutory mínimums apply to offenders, like Mayes, whose offenses occurred pre-FSA but received post-FSA sentences. Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012).
Mayes now seeks to benefit from the FSA’s 5-year statutory minimum through § 3582(c)(2). The district court held that it lacked authority to reduce the sentence because it applied the guidelines as amended by the FSA at sentencing. The court also explained that it had “no jurisdiction to reduce a sentence ... when only a mandatory minimum [has] changed.” In any event, it continued to “believe[] the original sentence of 96 months is sufficient but not greater than necessary to satisfy the purposes of sentencing.”
II.
When a district court deems a defendant ineligible for a sentence reduction, we review de novo. United States v. McClain, 691 F.3d 774, 777 (6th Cir.2012). “A district court may modify a defendant’s sentence only as provided by statute.” United States v. Williams, 607 F.3d 1123, 1125 (6th Cir.2010) (citation omitted). Section 3582(c)(2) provides a “limited adjustment to an otherwise final sentence.” Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). It applies only to sentences “based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2); see also United States v. Blewett, 746 F.3d 647, 656-58 (6th Cir.2013) (en banc).
Although it may have been based on erroneous assumptions, a binding Rule 11(c)(1)(C) plea agreement and the government’s downward departure motion dictated Mayes’s sentence. See Fed.R.Crim.P. 11(c)(1)(C). Assuming that the district court relied on Mayes’s sentencing range, Mayes cannot qualify for a § 3582(c)(2) reduction because his sentencing range has not “subsequently been lowered by the Sentencing Commission.” No guidelines amendment affected Mayes’s sentence because the district court used the FSA guideline amendments in Mayes’s original guideline computation. See United States v. Passmore, 503 Fed.Appx. 340, 341 (6th Cir.2012) (per curiam) (holding that district court lacked authority for sentence reduction when no retroactive amendment affected the defendant’s sentence); United States v. Hammond, 712 F.3d 333, 335 (6th Cir.2013) (per curiam) (stating that when modifying a sentence, the court “should substitute only the retroactive amendment”).
To the extent that the sentencing court relied on a substantial assistance departure from a statutory minimum, Mayes presses that U.S.S.G. § 5Gl.l(b) rendered his statutory minimum sentence a guidelines sentence because the minimum exceeded the otherwise applicable range, and so the FSA’s reduction of his statutory minimum qualifies him for *413 § 3582(c)(2) relief. But a defendant sentenced below a statutory minimum due to a substantial assistance is still subject to a statutory minimum. See United States v. Taylor, 749 F.3d 541, 545 (6th Cir.2014). And because Congress, not the Sentencing Commission, lowered the mandatory minimum, Mayes cannot qualify for § 3582(c)(2)’s “limited adjustment,” Dillon, 560 U.S. at 826, 130 S.Ct. 2683; that extends only to sentences “based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” 18 U.S.C. § 3582(c)(2); see Blewett, 746 F.3d at 656-58; Passmore, 503 Fed.Appx. at 341-42.
III.
We AFFIRM.