BERNICE B. DONALD, Circuit Judge,
dissenting.
In January 2010, Joe Edward Webb pleaded guilty to one count of attempted possession with intent to distribute and two counts of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846. In his plea agreement, Webb acknowledged that his entry of a guilty plea on the count charging him with conspiracy to distribute fifty grams of cocaine base (“crack-cocaine”) would subject him to a mandatory-minimum sentence of twenty years’ imprisonment. (R. 51, Pg. ID # 83-84). The plea agreement also indicated, however, that Webb had entered into a cooperation agreement whereby the Government would file a motion for' a below-minimum sentence of 180 months under 18 U.S.C. § 3553(e) in exchange for Webb’s substantial assistance. (R. 20, Pg ID # 95-96).
In the months that followed, the Government sought several continuances to delay Webb’s sentencing hearing (R. 52-67). After having delayed Webb’s sentencing hearing for almost a year, the Government ultimately notified the district court, in December 2010, that it would not file a motion for a downward departure in Webb’s case after all, as he had failed to provide substantial assistance. (R. 68).
Meanwhile, in the period between Webb’s entry of the guilty plea and his sentencing hearing, Congress passed the Fair Sentencing Act (“FSA”), which amended the framework for mandatory- *522 minimum sentences in crack-cocaine cases. Pub.L. No. 111-220, 124 Stat. 2372.[1] Under the new statutory framework promulgated by the FSA, Webb’s conviction yielded a lesser mandatory-minimum sentence of ten years’ imprisonment, rather than the twenty-year minimum referenced in the plea agreement. (R. 92, Pg ID # 356-57).
After the passage of the FSA, a circuit split emerged as to whether defendants like Webb — whose convictions stemmed from conduct prior to its passage but who were sentenced after the FSA’s enactment — should benefit from its more lenient mandatory mínimums. At the time of Webb’s sentencing hearing, in January 2011, the prevailing case law in this Circuit, established by United States v. Carradine, 621 F.3d 575, 580 (6th Cir.2010), held that defendants like Webb should be sentenced in accordance with the mandatory mínimums in effect at the time of the offense, irrespective of the FSA’s enactment.
The Supreme Court eventually resolved the post-FSA circuit split and abrogated Carradine in Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), by holding that the more lenient penalties in the FSA applied to all defendants sentenced after its effective date. Id. at 2326; see also United States v. Hogg, 723 F.3d 730, 732 (6th Cir.2013) (explaining that Dorsey abrogated Carra-dine by holding that all defendants sentenced after the FSA’s passage were entitled to “the ‘new, more lenient’ statutory penalties ... for crack cocaine offenses [even if the relevant offense conduct predated its enactment].”). Because the Supreme Court had yet to decide Dorsey when Webb was sentenced, however, the district court was bound by Carradine, which required it to apply the pre-FSA minimum in his case. When the district court declined to apply the career-offender guidelines recommended in Webb’s PSR, it therefore reverted to the pre-FSA mandatory-minimum penalty of twenty years’ imprisonment, rather than applying the post-FSA minimum of ten years, as Dorsey would later require.
Based on the foregoing, Webb filed a motion for a sentence reduction under 18 U.S.C. § 3582, arguing that he was entitled to a lower sentence in light of Dorsey. (R. 85). The district court granted the motion and resentenced Webb to 180 months. The Government appealed the district court’s order, arguing that it lacked authority to grant Webb’s motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) because Webb’s previous sentence was not based on a guidelines range that had “subsequently been lowered by the Sentencing Commission.”
As the majority correctly observes, the district court’s determination as to whether Webb was eligible for a sentence reduction under 18 U.S.C. § 3582 is a question of law that this Court reviews de novo. I agree with the majority’s overview of the relevant inquiry in determining whether any particular defendant is entitled to re-sentencing under that statute and I agree with its conclusion that Webb is not entitled to relief thereunder, because his sentence was not based on a guidelines range that has since been amended. I disagree with the majority’s conclusion, however, that Webb’s sentence was based on the career-offender guidelines. The district court expressly declined to adopt the PSR’s recommendation that Webb be sen *523 tenced in accordance with the career-offender guidelines because Webb was only fourteen when he committed one of the offenses that triggered his career-offender status. Having rejected the PSR’s recommendation under the career-offender guidelines, the district court then sentenced Webb to the pre-FSA mandatory-minimum.
Because Webb was sentenced to a pre-FSA mandatory minimum after the statute’s enactment, he is clearly entitled to a sentence reduction under Dorsey. His motion for a sentence reduction under 18 U.S.C. § 3582, however, is not the proper procedural vehicle for seeking that relief, since that statute only applies to individuals who were sentenced under the guidelines. See United States v. Passmore, 503 Fed.Appx. 340, 342 (6th Cir.2012) (explaining that 18 U.S.C. § 3582 does not apply to individuals who were sentenced in accordance with statutory mínimums), cert. denied, — U.S. -, 133 S.Ct. 968, 184 L.Ed.2d 751 (2013). Where a defendant’s claim of entitlement to a reduced sentence is based on a new retroactive decision of the Supreme Court, the proper procedural vehicle for seeking a sentence reduction is a motion under 28 U.S.C. § 2255. See id. Therefore, because Webb’s eligibility for a lower sentence is based on the Supreme Court’s decision in Dorsey, 28 U.S.C. § 2255 is the proper avenue for obtaining the relief he seeks.
In other cases where inmates have filed a motion under 18 U.S.C. § 3582 that should have been filed under 28 U.S.C. § 2255, district courts have construed such motions liberally as § 2255 motions. See Hughlett v. United States, No. 1:13 Civ. 204, 1:10 Cr. 84, 2013 WL 5728733 (E.D.Tenn. Oct. 22, 2013) (denying relief pursuant to Dorsey under § 3582(c)(2) but granting motion under § 2255); accord United States v. Little, No., 10-20170, 2013 WL 5819629 (E.D.Mich. Oct. 29, 2013); see also United States v. Bennett, No. 3:10 Cr. 84, 2013 WL 170333 (W.D.N.C. Jan. 16, 2013). Due to the potential consequences of treating any motion as a § 2255 motion (because it may foreclose the availability of relief on other issues under § 2255 in the future), the district court is in a much better position to determine whether taking a liberal view of Webb’s § 3582 motion is appropriate in this case. Accordingly, I would REMAND to the district court so that it may determine whether Webb’s motion for a sentence reduction should be construed as a motion under § 2255. I would further instruct the district court to permit Webb to re-file his current motion under § 2255, based on his eligibility for relief under Dorsey.

. Webb entered his guilty plea on January 15, 2010, and was scheduled to be sentenced on April 12, 2010. Due to several continuances, however, Webb’s sentencing hearing did not take place until nearly a year after the entry of his guilty plea, on January 3, 2011. In the interim, Congress passed the FSA, which was signed into law on August 3, 2010.