BOGGS, J., delivered the opinion of the court, in which STAMP, D.J., joined. DONALD, J. (pp. 546-53), delivered a separate dissenting opinion.
OPINION
BOGGS, Circuit Judge.
In 2004, defendant-appellant Bryon Taylor pled guilty to conspiracy to distribute and to possess, with intent to distribute, 392.2 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Although Taylor was subject to a 240-month statutory minimum penalty, the government moved for a downward departure based on substantial assistance, and Taylor was sentenced to 151 months of imprisonment and five years of supervised release. Following the Fair Sentencing Act of 2010 and the corresponding crack-cocaine-guideline amendments implemented by Amendment 750, Taylor moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court denied Taylor’s motion, and Taylor now appeals. For the reasons that follow, we affirm the district court’s order.
I
Taylor pled guilty to conspiracy to distribute and to possess, with intent to distribute, 392.2 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. At the time of Taylor’s sentencing in 2004, offenses involving more than 50 grams of crack cocaine carried a statutory minimum penalty of 10 years of imprisonment and, for a defendant who had “a prior conviction for a felony drug offense [that had] become final,” the minimum penalty increased to 20 years’ imprisonment. See 21 U.S.C. § 841(b)(1)(A) (2004). The government filed a sentencing enhancement, pursuant *543 to 21 U.S.C.-§ 851, indicating that Taylor had a prior conviction for a felony drug offense and that he thus was subject to the statutory minimum penalty of 240 months’ imprisonment.
In Taylor’s plea agreement, the parties agreed that Taylor had a base offense level of 34 and a criminal-history category of VI and that the government would recommend a two-level reduction for acceptance of responsibility. Accordingly, Taylor had a final base offense level of 32 and a corresponding guideline range — as determined from the § 5A Sentencing Table— of 210-262 months.[1] See U.S.S.G. § 5A (2004). The lower limit of this range was increased to 240 months by virtue of the statutory minimum to which Taylor was subject. See U.S.S.G. §§ 1B1.1(h) & 5G1.1(c) (2004). The government agreed to move for a downward departure based on Taylor’s substantial assistance, allowing him to be sentenced below the statutory minimum. At Taylor’s sentencing, the district judge granted the motion for a substantial-assistance departure, but rather than using Taylor’s 240-month statutory minimum as the starting point for his downward departure, cf. United States v. Stewart, 306 F.3d 295, 332 (6th Cir.2002) (holding that the statutory mandatory minimum is the appropriate starting point from which to calculate a downward departure for substantial assistance), the district judge simply subtracted an additional three levels from Taylor’s base offense level[2] — resulting in a new base offense level of 29 and .a guideline range of 151— 188 months — and sentenced him to 151 months of imprisonment, the bottom of that range.
Years later, the Fair Sentencing Act of 2010 (FSA) increased the quantity of crack cocaine required to trigger the 20-year statutory minimum to which Taylor was subject from 50 grams to 280 grams. See 21 U.S.C. § 841(b)(1)(A) (2013). But Taylor’s crime involved 392.2 grams of crack cocaine, and thus he would still have been subject to the same statutory minimum even if he had been sentenced after passage of the FSA. However, the 2011 crack-cocaine guideline amendments, also prompted by the FSA, did ¡ lower the § 2D1.1 base offense levels for crack-cocaine offenses and thus also lowered the § 5A guideline range to which Taylor would have been subject absent the existence of a statutory minimum. See U.S.S.G. Amend. 750. Taylor relied on this change in moving to modify his sentence pursuant to 18 U.S.C. § 3582(c).
The district court denied Taylor’s request for a sentence reduction, holding that Amendment 750 did not have the effect of lowering Taylor’s “applicable guideline range,” and Taylor now appeals.
II
Normally, this court-reviews a district court’s denial of a motion to modify a sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. *544 Moore, 582 F.3d 641, 644 (6th Cir.2009). However, where a district court concludes, as it did here, that it lacks the authority under 18 U.S.C. § 3582(c)(2) to reduce a defendant’s sentence, such a conclusion is a question of law that this court reviews de novo. See United States v. Curry, 606 F.3d 323, 327 (6th Cir.2010).
Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) the defendant “has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission”; and (2) such reduction is “consistent with applicable policy statements issued by the Sentencing Commission.” 18 U.S.C. § 3582(c). We have clarified that to satisfy the second requirement, “a guidelines amendment must ‘have the effect of lowering the defendant’s applicable guideline range.’” United States v. Hameed, 614 F.3d 259, 269 (6th Cir.2010) (Moore, J.) (quoting U.S.S.G. § 1B1.10(a)(2)(B)); see also United States v. Pembrook, 609 F.3d 381, 383 (6th Cir.2010). Taylor claims that Amendment 750, which lowered the § 2D1.1 base offense levels for crack-cocaine offenses, entitles him to a sentence reduction under § 3582(c). Assuming without deciding that Taylor’s sentence was based on § 2D1.1 and thus that he satisfies the first requirement for § 3852(c) sentence-reduction eligibility, Taylor’s appeal fails, as Amendment 750 does not have the effect of lowering his “applicable guideline range.”
Amendment 759 did, for the first time, provide an express definition for the term “applicable guideline range.” It did so by amending Application Note 1(A) to U.S. S.G. § 1B1.10 to read: “applicable guideline range (i e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance).” U.S.S.G. § 1B1.10 cmt. n. 1(A). In support of his sentence-reduction motion, Taylor argues that this new language indicates that all provisions of § 1B1.1(a) except § 1B1.1(a)(8) — the subsection that specifically incorporates any relevant statutory minimum — should be included in the definition of “applicable guideline range.” As we recently held in United States v. Joiner, 727 F.3d 601, 606 (6th Cir.2013), however, “the Application Note makes clear that the ‘applicable guideline range’ is the range that results from applying § lBl.l(a) in its entirety, including incorporation of any relevant statutory minimum.” Thus, Taylor’s argument that the Application Note is somehow intended to exclude the portion of § 1B1.1(a) that accounts for his statutory minimum is not well taken.
Thus, employing the definition of “applicable guideline range” adopted in Joiner, Amendment 750 does not have the effect of lowering Taylor’s “applicable guideline range.” At the time of his original sentence and prior to Amendment 750, Taylor had a base offense level of 32 (after a two-level reduction for acceptance of responsibility) and a criminal-history category of VI, corresponding to § 5A guideline range of 210-262 months. But, as mentioned above, his statutory minimum of 240 months required that his ultimate “applicable guideline range” be 240-262 months. After calculating this range, the district judge departed below this range based on the government’s motion for substantial assistance, sentencing Taylor to 151 months’ imprisonment.
After Amendment 750, the base offense level corresponding to the quantity of drugs involved in Taylor’s crime would now be 32 (rather than 34), less two levels for acceptance of responsibility. Thus, *545 with a base offense level of 30 and a criminal-history category of VI, Taylor’s amended § 5A guideline range would now be 168-210 months. Because his statutory-minimum penalty remains 240 months, however, his “applicable guideline range” is now simply 240 months.
While at first blush, it may seem that Taylor’s current “applicable guideline range” — 240 months — is different than his earlier one, which ranged from 240 to 262 months, for the purposes of Taylor’s substantial-assistance departure, his current 240-month “applicable guideline range” is not lower. In Hameed, we noted that “the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself.” Hameed, 614 F.3d at 268 (internal quotation marks omitted). Thus, in the case of a defendant who received a departure for substantial assistance, a change in the upper bound of his “applicable guideline range” does not lower that range for the purpose of his substantial-assistance departure, as the departure should be taken solely from the statutory minimum, i.e., the lower bound that was not reduced.
This is true even when, as was the case at both Hameed’s and Taylor’s original sentencings, the sentencing judge “accede[s] to the parties’ request that he take the base offense level prescribed by § 2D1.1 as his starting point [for a substantial-assistance departure]” rather than the statutory minimum, as “the [§ 5A] guideline range resulting from [the § 2D1.1] base offense level was not ‘applicable’ because it was not the correct point from which the departure should have been measured.” Ibid. “Nor were the crack guidelines ‘applicable’ in determining the extent of the departure^ as] ... only factors relating to a defendant’s cooperation may influence the extent of a departure pursuant to § 3553(e).” Id. at 268-69 (internal quotation marks omitted). Thus, a district judge’s incorrect choice to start a substantial-assistance departure from the crack-cocaine guidelines rather than the defendant’s “applicable guideline range” and, in particular, the statutory minimum that forms the lower bound of the “applicable guideline range,” does not change the fact that the “applicable guideline range” has not been lowered for a defendant who was subject to a statutory minimum but received a substantial-assistance departure.
We note that the situation would be different for a defendant who was subject to a statutory minimum but who did not receive a downward departure for substantial assistance. For instance, if a defendant had an original “applicable guideline range” of 240-262 months, with the lower, 240-month bound resulting from a statutory minimum, a subsequent amendment that changed his “applicable guideline range” to 240 months, by shifting his amended § 5A guideline range completely below the 240-month minimum, would have the effect of lowering his “applicable guideline range.” This is so because the defendant, who, under his original “applicable guideline range,” could possibly have been sentenced to a within-guideline sentence of anywhere from 240 to 262 months, can, at sentence reduction, only receive a “within-guideline” sentence of 240 months. In contradistinction, however, the defendant who received a substantial-assistance departure has already been brought all the way down to the low end of his “applicable guideline range,” i.e., the 240-month statutory minimum, from which the judge has then chosen to depart.
There is nothing anomalous or unfair about the “unhelpful” defendant who did not provide substantial assistance being eligible for a sentence reduction and the *546 “helpful” defendant who did assist authorities coming up empty. The “helpful” defendant has, before receiving the substantial-assistance departure itself, also enjoyed the additional benefit of being dropped to the bottom of his “applicable guideline range,” i.e., to his statutory minimum, as the starting point for a substantial-assistance departure is the statutory minimum. Without a substantial-assistance motion, this would be the lowest that the “helpful” defendant’s sentence could be, whether at his original sentencing or a subsequent sentence-reduction proceeding. In other words, the “helpful” defendant has bottomed out. On the other hand, the “unhelpful” defendant may not yet have bottomed out at his statutory minimum and may be able to do so as a result of subsequent amendments to the guidelines. That the “helpful” and “unhelpful” defendants bottom out at the same point is the intended effect of statutory mínimums. And of course, though the two defendants bottom out at the same point, the “helpful” defendant still is rewarded for his assistance by receiving an additional departure below the statutory minimum, which is applied at his original sentencing.
Accordingly, if a defendant received a sentence below his statutory minimum based on his substantial assistance and is still subject to the same statutory minimum that set the floor of his “applicable guideline range” at the time of his original sentencing, it cannot be said that a subsequent amendment to the sentencing guidelines has had the effect of lowering his “applicable guideline range.” Given that Taylor is subject to the same statutory minimum sentence as that in effect at the time of his original sentencing, Amendment 750 does not have the effect of lowering his “applicable guideline range.”
Ill
For the foregoing reasons, we affirm the decision of the district court denying Taylor’s motion for a sentence reduction under 18 U.S.C. § 3582(c).

. Throughout this opinion, the term " § 5A guideline range” is used to describe the guideline range derived from the Sentencing Table in § 5A that corresponds to a defendant’s base offense level (factoring in any relevant adjustments) and criminal-history category before incorporating any relevant statutory minimum.

. The use of Taylor’s base offense level and corresponding § 5A guideline range — rather than his statutory minimum — as the starting point for calculating his substantial-assistance reduction appears to have occurred at the request of the parties. In Taylor’s plea agreement, the government initially proposed a one-level reduction for substantial assistance. The district judge then determined, however, that given the extent of Taylor’s cooperation, a reduction of three levels was more appropriate.