**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0405n.06

Case No. 13-5298

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 06, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| ZACHARY TAYLOR MAYES, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: MERRITT, COOK, and STRANCH, Circuit Judges.

PER CURIAM. Defendant-Appellant Zachary Mayes appeals the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2). Discerning no error, we affirm.

I.

Mayes pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841 and 846. Seeking to avoid a life sentence under 21 U.S.C. § 851 because of his two prior felony drug convictions, he entered into a binding Rule 11(c)(1)(C) plea agreement that stated "a sentence of 10 years['] imprisonment . . . is the appropriate disposition of this case." In the event that Mayes cooperated with law enforcement, the government would "consider making a [downward departure] motion pursuant to § 5K1.1 of the Sentencing Guidelines." Soon afterward, Mayes sought to change his plea in

light of the more lenient statutory minimums in the Fair Sentencing Act (FSA), but the district court denied the request on the basis that it had no authority to apply the FSA retroactively.

At sentencing, the government moved for the § 5K1.1 downward departure, asking the court to sentence Mayes to 96 months' imprisonment. The district court granted the motion, accepted the plea agreement, and sentenced Mayes accordingly. After sentencing, the Supreme Court held that the FSA's more lenient statutory minimums apply to offenders, like Mayes, whose offenses occurred pre-FSA but received post-FSA sentences. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012).

Mayes now seeks to benefit from the FSA's 5-year statutory minimum through § 3582(c)(2). The district court held that it lacked authority to reduce the sentence because it applied the guidelines as amended by the FSA at sentencing. The court also explained that it had "no jurisdiction to reduce a sentence . . . when only a mandatory minimum [has] changed." In any event, it continued to "believe[] the original sentence of 96 months is sufficient but not greater than necessary to satisfy the purposes of sentencing."

## II.

When a district court deems a defendant ineligible for a sentence reduction, we review de novo. *United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012). "A district court may modify a defendant's sentence only as provided by statute." *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (citation omitted). Section 3582(c)(2) provides a "limited adjustment to an otherwise final sentence." *Dillon v. United States*, 560 U.S. 817, 826 (2010). It applies only to sentences "based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Blewett*, 746 F.3d 647, 656-58 (6th Cir. 2013) (en banc).

Although it may have been based on erroneous assumptions, a binding Rule 11(c)(1)(C) plea agreement and the government's downward departure motion dictated Mayes's sentence. *See* Fed. R. Crim. P. 11(c)(1)(C). Assuming that the district court relied on Mayes's sentencing range, Mayes cannot qualify for a § 3582(c)(2) reduction because his sentencing range has not "subsequently been lowered by the Sentencing Commission." No guidelines amendment affected Mayes's sentence because the district court used the FSA guideline amendments in Mayes's original guideline computation. *See United States v. Passmore*, 503 F. App'x 340, 341 (6th Cir. 2012) (per curiam) (holding that district court lacked authority for sentence reduction when no retroactive amendment affected the defendant's sentence); *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (per curiam) (stating that when modifying a sentence, the court "should substitute only the retroactive amendment").

To the extent that the sentencing court relied on a substantial assistance departure from a statutory minimum, Mayes presses that U.S.S.G. § 5G1.1(b) rendered his statutory minimum sentence a guidelines sentence because the minimum exceeded the otherwise applicable range, and so the FSA's reduction of his statutory minimum qualifies him for § 3582(c)(2) relief. But a defendant sentenced below a statutory minimum due to a substantial assistance is still subject to a statutory minimum. *See United States v. Taylor*, --- F.3d ---, No. 12-3730, 2014 WL 1499881, at *4 (6th Cir. Apr. 18, 2014). And because Congress, not the Sentencing Commission, lowered the mandatory minimum, Mayes cannot qualify for § 3582(c)(2)'s "limited adjustment," *Dillon*, 560 U.S. at 826; that extends only to sentences "based on a sentencing range that has

subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see Blewett*, 746 F.3d at 656-58; *Passmore*, 503 F. App'x at 341–42.

III.

We AFFIRM.

**JANE B. STRANCH, concurring.**  I concur in the judgment but write separately to note that in my view, the government waives a statutory minimum by filing a substantial assistance motion.  *See also United States v. Taylor*, -- F.3d --, 2014 WL 1499881, at *9 (6th Cir. Apr. 18, 2014) (Donald, J., dissenting); *United States v. Doe*, 731 F.3d 518, 528 (6th Cir. 2013) (Cole, J., concurring in part and concurring in the judgment).  If not for our case law to the contrary, *see Taylor*, 2014 WL 1499881, at *4, I would hold that Mayes was sentenced pursuant to a guidelines sentence that the sentencing court calculated to be 120 months and that this "range" has been lowered.  I join the majority opinion because I am bound to apply our current case law until the Supreme Court, Congress, or the Sentencing Commission corrects it.

**MERRITT, Circuit Judge, dissenting.** This case involves only a few ounces of crack cocaine. Congress drastically cut sentences in such cases in the Fair Sentencing Act finding that the old sentences were irrational and racially discriminatory.

The majority seems to recognize that the defendant Mayes was sentenced after the Fair Sentencing Act went into effect, not before, but they give no effect to this crucial fact. Post-Act sentencing should mean that under *Dorsey v. United States*, 132 S. Ct. 2321 (2012), Mayes should be given the benefit of the new, reduced crack penalties reduced from the penalties of the previous law, which was based on the old, unsupportable 100-to-1 ratio with powdered cocaine. Yet the majority simply refuses to give Mayes the benefit of the greatly reduced mandatory minimum crack sentences and the reduced offense levels under the new law. It allows his sentence to be constructed and then reduced for substantial assistance based only on the old mandatory minimum of 10 years rather than the 5-year mandatory minimum now applicable. If his substantial assistance reduction is based on the new minimum, Mayes could potentially avoid incarceration for several years.

The majority seems to believe that the case of *United States v. Taylor*, ____ F.3d ____ (2014), WL1499881 (6th Cir.), prevents the reduction; but that case is not in point because the defendant was sentenced in 2004 long before the non-retroactive Fair Sentencing Act went into effect. Thus the defendant there remained subject to the old mandatory minimum and could not get the benefit of the new more lenient minimum. The defendant in *Taylor* case is irrelevant to this case where sentencing occurred after, not before, the Fair Sentencing Act went into effect. The humane purpose of the new Act is clear, and Mayes should get the benefit of it. *Taylor* may not unless the Act is made retroactive.

The majority cites *Freeman v. United States*, 131 S. Ct. 2685 (2011), as somehow blocking the path to a reduced sentence under the terms of the new Act. But *Freeman* seems clearly to support Mayes' position that the old 10-year minimum instead of the new 5-year minimum was erroneously used as a part of the "analytical framework used to determine the sentence." *Freeman* says:

> § 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question *was a relevant part of the analytic framework the judge used to determine the sentence*.

131 S. Ct. 2685, 2692-93 (2011) (emphasis added). The 10-year minimum rather than the 5-year minimum was a main part of the "analytical framework the judge used to determine the sentence," but it was a mistake. Congress had reduced it because it found that the old minimums were unjustly harsh.

To the extent that the majority is contending that the 5-year reduced sentence is not applicable because it was adopted by Congress and did not originate with the Sentencing Commission, this is a legalism that should not be allowed to block the path to a more sane and lenient crack cocaine sentence, as intended by the new Act. It is no secret that the new Act was enacted to effectuate a new policy through guideline sentencing. Moreover, the Guidelines themselves in § 5G1.1(b) say explicitly and without qualification that the new statutory minimum "shall be the guideline sentence." Congress knew this and expected the change to be implemented by the Commission and the courts through guideline sentencing.

The Fair Sentencing Act was designed to change the long, unjust crack sentences previously imposed. We should keep our eye on the ball and carry out that purpose. We

should not search for or be distracted by legalisms and road blocks that defeat that humane purpose and continue the old excessive penalties in place.