MERRITT, Circuit Judge,
dissenting.
This ease involves only a few ounces of crack cocaine. Congress drastically cut sentences in such cases in the Fair Sentencing Act finding that the old sentences were irrational and racially discriminatory.
The majority seems to recognize that the defendant Mayes was sentenced after the Fair Sentencing Act went into effect, not before, but they give no effect to this crucial fact. Post-Act sentencing should mean that under Dorsey v. United States, — U.S. -, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), Mayes should be given the benefit of the new, reduced crack penalties reduced from the penalties of the previous law, which was based on the old, unsupportable 100-to-l ratio with powdered cocaine. Yet the majority simply refuses to give Mayes the benefit of the greatly reduced mandatory minimum crack sentences and the reduced offense levels under the new law. It allows his sentence to be constructed and then reduced for substantial assistance based only on the old mandatory minimum ■ of 10 years rather than the 5-year mandatory minimum now applicable. If his substantial assistance reduction is based on the . new minimum, Mayes could potentially avoid incarceration for several years.
The majority seems to believe that the case of United States v. Taylor, 749 F.3d 541 (6th Cir.2014), prevents the reduction; but that case is not in point because the defendant was sentenced in 2004 long before the non-retroactive Fair Sentencing Act went into effect. Thus the defendant there remained subject to the old mandatory minimum and could not get the benefit of the new more lenient minimum. The defendant in Taylor case is irrelevant to this case where sentencing occurred after, not before, the Fair Sentencing Act went into effect. The humane purpose of the new Act is clear, and Mayes should get the benefit of it. Taylor may not unless the Act is made retroactive.
The majority cites Freeman v. United States, - U.S. -, 131 S.Ct. 2685, 180 *414 L.Ed.2d 519 (2011), as somehow blocking the path to a reduced sentence under the terms of the new Act. But Freeman seems clearly to support Mayes’ position that the old 10-year minimum instead of the new 5-year minimum was erroneously used as a part of the “analytical framework used to determine the sentence.” Freeman says:
§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence.
— U.S. -, 131 S.Ct. 2685, 2692-93, 180 L.Ed.2d 519 (2011) (emphasis added). The 10-year minimum rather than the 5-year minimum was a main part of the “analytical framework the judge used to determine the sentence,” but it was a mistake. Congress had reduced it because it found that the old mínimums were unjustly harsh.
To the extent that the majority is contending that the 5-year reduced sentence is not applicable because it was adopted by Congress and did not originate with the Sentencing Commission, this is a legalism that should not be allowed to block the path to a more sane and lenient crack cocaine sentence, as intended by the new Act. It is no secret that the new Act was enacted to effectuate a new policy through guideline sentencing. Moreover, the Guidelines themselves in § 5Gl.l(b) say explicitly and without qualification that the new statutory minimum “shall be the guideline sentence.” Congress knew this and expected the change to be implemented by the Commission and the courts through guideline sentencing.
The Fair Sentencing Act was designed to change the long, unjust crack sentences previously imposed. We should keep our eye on the ball and carry out that purpose. We should not search for or be distracted by legalisms and road blocks that defeat that humane purpose and continue the old excessive penalties in place.