JANE B. STRANCH,
concurring in the judgment.
I reluctantly concur in the result reached by the majority opinion. I do so only because I am bound by recent cases denying sentencing reductions under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 to defendants who were initially subject to a statutory minimum sentence, even though the statutory minimum sentence was not imposed because the government moved to depart downward for substantial assistance. See United States v. Taylor, 749 F.3d 541 (6th Cir.2014); United States v. Joiner, 727 F.3d 601 (6th Cir.2013); United States v. Williams, 512 Fed.Appx. 594 (6th Cir.2013). The majority applies Joiner, Williams, and other cases to reach a similar result in Tate’s case. I do not agree that Tate’s sentence was “based on” a statutory minimum sentence that was not actually imposed at the original sentencing, nor do I believe that the statutory minimum should be denominated the “applicable guideline range” so that Tate is denied eligibility for a sentencing reduction under § 3583(c)(2) and U.S.S.G. § lB1.10(a)(l). Because Tate’s sentence was actually “based on” the drug guideline, U.S.S.G. § 2D1.1, which has been subsequently lowered by the Sentencing Commission, I would hold Tate is eligible for a sentencing reduction.
At the original sentencing, the district court attributed a drug quantity of 114 grams of crack cocaine to Tate. That drug amount, combined with a statutory sentencing enhancement, subjected Tate to a statutory minimum sentence of imprisonment of twenty years or 240 months under 21 U.S.C. § 841(a) & (b)(1)(A). Under the version of U.S.S.G. § 2D1.1 in effect at the time of sentencing, Tate had a base offense level of 32, which increased by two levels to 34 due to her possession of firearms. With no reduction for acceptance of responsibility, Tate’s total offense level remained at 34. Level 34 and criminal history category IV produced an advisory guideline range of 210 to 262 months of imprisonment. By operation of U.S.S.G. § 5G1.1, the statutory minimum raised the bottom of Tate’s guideline range so that she faced 240 to 262 months of imprisonment.
The government did not ask the district court to sentence Tate to 240 months or more in prison. Instead, the government sought to reward Tate for the substantial assistance she provided to the government in investigating and prosecuting other defendants. To facilitate that reward, the government moved for downward departure, essentially under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, to allow the court to sentence Tate below the statutory mandatory minimum, which was also the bottom of the guideline range. The district court granted the motions and lowered Tate’s offense level to 32. With a criminal history category of IV, the guideline range was 168 to 210 months. The court imposed a sentence of 168 months of imprisonment on the drug conviction and 120 months imprisonment on the firearm convictions, to be served concurrently.
Section 3553(e) provides that a district court “shall have the authority to impose a *524 sentence below a level established by statute as a minimum sentence so as to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense,” but only “[u]pon motion of the [government.” Section 5K1.1 similarly provides that the district court “may depart from the guidelines” based on the defendant’s substantial assistance, but only “[u]pon motion of the government.” Only the government holds the power to render a cooperating defendant eligible for a substantial assistance departure from the statutory minimum sentence or the guideline range. See United States v. Hawkins, 274 F.3d 420, 426 (6th Cir.2001). Once the government makes a motion for downward departure based on substantial assistance, the district court has authority to decide whether a departure is appropriate and the extent of any such departure. United States v. Rosenbaum, 585 F.3d 259, 264 (6th Cir. 2009).
The government’s conscious choice to make a motion under § 3558(e) and/or § 5K1.1 constitutes a knowing and voluntary waiver of the right to enforce the statutory minimum sentence or the guideline range. The Sentencing Commission recognized the government’s ability to waive its rights in the commentary to § 2D1.1:
Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be “waived” and a lower sentence imposed (including a downward departure), as provided in 28 U.S.C. § 994(n), by reason of a defendant’s “substantial assistance in the investigation or prosecution of another person who has committed an offense.” See § 5K1.1 (Substantial Assistance to Authorities).
U.S.S.G. § 2D1.1, comment, (n.7) (2007). See also U.S.S.G. § 2D1.1, comment, (n. 23) (2013).
Note the Sentencing Commission’s language: a statutory minimum sentence may be waived, and Congress provided by statute that only the government has the power to initiate the waiver by making a motion under § 3553(e). Similarly, the government waives the right to request a sentence within a guideline range when it makes a motion to depart downward for substantial assistance under § 5K1.1. The government’s waiver allows the district court to impose a sentence below the statutory minimum or below the bottom of the guideline range. See United States v. Doe, 731 F.3d 518, 528 (6th Cir.2013) (Cole, J., concurring in part and concurring in the judgment) (noting that a substantial assistance motion “effectively ‘waive[s]’ the mandatory minimum” and “[wjithout a mandatory minimum at work, nothing prevents Amendment 750 from having ‘the effect of lowering’ the sentence the [defendant] did receive”). See also Taylor, 749 F.3d at 552 (Donald, J., dissenting) (observing that the “sole function” of a § 3553(e) motion “is to render the normal statutory minimum inoperative”).
“Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the ‘intentional relinquishment or abandonment of a known right.’ ” United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). “Waiver, unlike mere forfeiture, extinguishes [the] ability to raise the claim at all.” United States v. Moore, 93 Fed.Appx. 887, 892 n. 6 (6th Cir.2004).
Where the government affirmatively chooses to move for a downward departure for substantial assistance under § 3553(e) or § 5K1.1 or both, the government waives — that is, it intentionally relinquishes or abandon — sits right to enforce the statutory minimum sentence or the guideline range. The government’s waiver extinguishes its ability to make two argu *525 ments in a future sentencing reduction proceeding under § 3582(c)(2).
First, the government’s waiver precludes it from asserting that the defendant’s sentence was actually “based on” the very same statutory minimum sentence that the government knowingly and voluntarily waived at the original sentencing. Second, the government’s waiver prevents it from contending that the “applicable guideline range” referred to in U.S.S.G. lB1.10(a)(l) is the statutory minimum sentence and therefore, the defendant is ineligible for a sentencing reduction because he has not shown that he was sentenced under a guideline range that “has subsequently been lowered as a result of an amendment to the Guidelines Manual.” U.S.S.G. § lB1.10(a)(l).
We routinely enforce knowing and voluntary waivers of rights made by criminal defendants. See e.g., United States v. Hockenberry, 730 F.3d 645, 672 (6th Cir. 2013); United States v. Wendlandt, 714 F.3d 388, 398 (6th Cir.2013). We should likewise enforce knowing and voluntary waivers made by the government.
At Tate’s original sentencing, the government waived the statutory minimum sentence of 240 months. Her sentence was, in fact, “based on” the drug guideline and not on the statutory minimum sentence. See Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2695, 180 L.Ed.2d 519 (Sotomayor, J., concurring in the judgment) (“To ask whether a particular term of imprisonment is ‘based on’ a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment.”) Section 2D1.1 served “as the basis or foundation” for Tate’s sentence. Because the sentence was “based on” a drug guideline that was subsequently lowered by the Sentencing Commission in Amendments 750 and 759, I would hold that Tate is eligible for a sentencing reduction under § 3582(c)(2) and U.S.S.G. § 1B1.10. The district court should decide whether to grant Tate a sentencing “reduction comparably less than the amended guideline range” to reward her for her substantial assistance. U.S.S.G. § lB1.10(b)(2)(B).
Accordingly, if I were writing on a clean slate, I would find Tate eligible for a sentencing reduction and remand the case to the district court for resentencing. Where the government expressly waives application of a statutory minimum as it did here, we should enforce that waiver in a subsequent sentencing reduction proceeding under § 3582(c)(2). We should not allow the government to resurrect a position that it knowingly and voluntarily disclaimed at the original sentencing. The majority opinion, and cases cited therein, unfairly absolve the government of its express waiver and wrongly penalize the defendant by denying eligibility for a sentencing reduction that unquestionably exists.
I may be bound by our case precedent, but I am not required to agree with it. I concur only in the judgment.