JANE B. STRANCH,
concurring in the judgment.
I reluctantly concur in the result reached by the majority opinion. I do so *567 only because I am bound to apply our recent cases denying sentencing reductions under 18 U.S.C. § 3582(c)(2) to those defendants who initially qualified as career offenders under U.S.S.G. § 4B1.1 and who were sentenced before the Fair Sentencing Act (FSA) became effective on August 3, 2010. I remain unconvinced, however, that Johnson’s sentence was “based on” the career offender guideline as the majority holds. Johnson’s sentence was “based on” the same advisory guideline range determined under the drug guideline, U.S.S.G. § 2D1.1, that would have applied if Johnson had not qualified as a career offender.
At the original sentencing, the district court attributed a drug quantity of 115.7 grams of crack cocaine to Johnson. This drug amount was high enough to subject Johnson to a presumptive statutory minimum term of imprisonment of ten years and a statutory maximum sentence of life imprisonment under 21 U.S.C. § 841(a) & (b)(1)(A). Under the 2007 version of U.S.S.G. § 2Dl.l(c)(5) in effect at the time of sentencing, Johnson had a base offense level of 30. With a three-level reduction for acceptance of responsibility, his total offense level was 27. He had four criminal history points, which placed him in criminal history category III. Total offense level 27 combined with criminal history category III produced an advisory guideline range of 87 to 108 months of imprisonment.
Johnson had at least two prior felony drug convictions, however, qualifying him for sentencing as a career offender. His offense level jumped to 37 because he faced a statutory maximum sentence of life imprisonment, and his criminal history category rose to VI. U.S.S.G. § 4Bl.l(b)(l). With a three-level reduction for acceptance of responsibility, Johnson faced an advisory guideline range of 262 to 327 months of imprisonment. The bottom of the career offender range was 154 months higher than the top of the drug guideline range— adding nearly 13 years to the sentence.
The government did not ask the court to sentence Johnson under the career offender guideline range of 262 to 372 months or to the statutory minimum sentence of 120 months. Instead, the government sought to reward Johnson for the substantial assistance he provided in investigating and prosecuting other defendants. To facilitate that reward, the government filed motions for downward departure under both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and the district court granted those motions.
Section 3553(e) provides that a district court “shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant’s substantial assistance in the investigation or prosecution of another person who has committed an offense,” but only “[ujpon motion of the [gjovernment.” Section 5K1.1 similarly provides that the district court “may depart from the guidelines” based on the defendant’s substantial assistance, but only “[ujpon motion of the government.” Only the government holds the power to render a cooperating defendant eligible for a substantial assistance departure from the statutory minimum sentence or the guideline range. See United States v. Hawkins, 274 F.3d 420, 426 (6th Cir.2001). Once the government makes a downward departure motion, the district court has authority to decide whether a departure is appropriate and the extent of any such departure. United States v. Rosenbaum, 585 F.3d 259, 264 (6th Cir.2009).
The government’s conscious choice to make a motion under § 3553(e) and/or § 5K1.1 constitutes a knowing and voluntary waiver of the right to enforce the applicable statutory minimum sentence or guideline range. The Sentencing Commis *568 sion recognized the government’s ability to waive its rights when it drafted the commentary to § 2D1.1:
Where a mandatory (statutory) minimum sentence applies, this mandatory minimum sentence may be “waived” and a lower sentence imposed (including a downward departure), as provided in 28 U.S.C. § 994(n), by reason of a defendant’s “substantial assistance in the investigation or prosecution of another person who has committed an offense.” See § 5K1.1 (Substantial Assistance to Authorities).
U.S.S.G. § 2D1.1, comment, (n. 7) (2007). See also U.S.S.G. § 2D1.1, comment, (n. 28) (2013).
Note the Sentencing Commission’s language: a statutory minimum sentence may be waived, and Congress provided by statute that only the government has the power to initiate the waiver by making a motion under § 3553(e). Similarly, the government waives the right to request a sentence within the guideline range when it makes a motion to depart downward for substantial assistance under § 5K1.1. The government’s waiver allows the district court to impose a sentence lower than the statutory minimum or lower than the bottom of the guideline range. See United States v. Doe, 731 F.3d 518, 528 (6th Cir. 2013) (Cole, J., concurring in part and concurring in the judgment) (noting that a substantial assistance motion “effectively ‘waive[s]’ the mandatory minimum” and “[wjithout a mandatory minimum at work, nothing prevents Amendment 750 from having ‘the effect of lowering’ the sentence the [defendant] did receive”). See also United States v. Taylor, 749 F.3d 541, 552 (6th Cir.2014) (Donald, J., dissenting) (observing that the “sole function” of a § 3553(e) motion “is to render the normal statutory minimum inoperative”).
“Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the ‘intentional relinquishment or abandonment of a known right.’ ” United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). “Waiver, unlike mere forfeiture, extinguishes [the] ability to raise the claim at all.” United States v. Moore, 93 Fed.Appx. 887, 892 n. 6 (6th Cir.2004).
Where, as here, the government affirmatively chooses to move for a downward departure for substantial assistance under § 3553(e) or § 5K1.1 or both, the government waives — that is, it intentionally relinquishes or abandons — its right to enforce the statutory minimum sentence or the career offender guideline range. The government’s waiver extinguishes its ability to make two arguments in a future sentencing reduction proceeding under § 3582(c).
First, the government’s waiver precludes it from asserting that the defendant’s sentence was actually “based on” the very same statutory minimum sentence or career offender guideline range that the government knowingly and voluntarily waived at the original sentencing. Second, the government’s waiver extinguishes its ability to argue that a defendant is not eligible for a sentencing reduction because “the guideline range applicable to that defendant has [not] subsequently been lowered as a result of an amendment to the Guidelines Manual.” U.S.S.G. § lB1.10(a)(l).
We routinely enforce knowing and voluntary waivers of rights made by criminal defendants. See e.g., United States v. Hockenberry, 730 F.3d 645, 672 (6th Cir. 2013); United States v. Wendlandt, 714 F.3d 388, 398 (6th Cir.2013). We should likewise enforce knowing and voluntary waivers made by the government.
At Johnson’s original sentencing, the government waived the statutory minimum *569 sentence and the application of the career offender guideline. The district court calculated the applicable guideline range using total offense level 27, and criminal history category III, which produced an advisory guideline range of 87 to 108 months. This was the same advisory guideline range Johnson faced under § 2D1.1 initially before the career offender guideline was applied. The court imposed a sentence of 87 months of imprisonment.
Johnson’s original sentence was, in fact, “based on” the drug guideline, § 2D1.1, and not on the career offender guideline. See Freeman v. United States, — U.S. -, 131 S.Ct. 2685, 2695,180 L.Ed.2d 519 (Sotomayor, J., concurring in the judgment) (“To ask whether a particular term of imprisonment is ‘based on’ a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment.”) Section 2D1.1 served “as the basis or foundation” for Johnson’s sentence. Because the sentence was “based on” a drug guideline that was subsequently lowered by the Sentencing Commission in Amendments 750 and 759, I would hold that Johnson is eligible for a sentencing reduction under § 3582(c)(2) and U.S.S.G. § 1B1.10.
If re-sentenced today under Amendments 750 and 759, Johnson’s base offense level would be 28 because the drug quantity was 115.7 grams of crack cocaine. U.S.S.G. § 2Dl.l(c)(6). With a three-level reduction for acceptance of responsibility, the total offense level would be 25 and combined with criminal history category III, the advisory guideline range would be 70 to 87 months of imprisonment. The district court could impose a reduced sentence if it chose to do so.
Accordingly, if I were writing on a clean slate, I would find Johnson eligible for a sentencing reduction and remand the case to the district court for resentencing. Where the government expressly waives application of a statutory minimum and/or a particular guideline range, we should enforce that waiver in a subsequent sentencing reduction proceeding under § 3582(c)(2). We should not allow the government to resurrect a position that it knowingly and voluntarily disclaimed at the original sentencing. Further, our case law should not perpetuate the myth that a defendant’s sentence was “based on” the career offender guideline when it certainly was not. The majority opinion and cases cited within it unfairly absolve the government of its express waiver and wrongly penalize the defendant by denying eligibility for a sentencing reduction that unquestionably exists.
I may be bound by our case precedent, but I am not required to agree with it. I concur only in the judgment.